IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG, VIRGINIA

| | |
|---|---|
| NHANCE TECHNOLOGIES, INC. )<br>)<br>    Plaintiff,                              )<br>)<br>v.                                              )<br>)<br>TRAX, LLC                                  )<br>)<br>and                                             )<br>)<br>TRAX INTERNATIONAL              )<br>CORPORATION                         )<br>)<br>    Defendants.                          ) | Civil Action No. 6:09-cv-00018-NKM |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff nHance Technologies, Inc. ("Plaintiff" or "nHance"), by counsel, pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, moves for leave to amend its Complaint in the above-referenced action and in support thereof states as follows:

1. Plaintiff's Amended Complaint, a copy of which is attached hereto, seeks to: (i) add two (2) parties, Ronald R. Dixon ("Dixon") and TRX Corporation f/k/a Trax Corporation ("TRX"); (ii) remove Plaintiff's request for statutory damages and attorneys' fees from its copyright infringement claim; and (iii) add a trade secret misappropriation claim and a vicarious copyright infringement claim.

2. On January 5, 2010, Plaintiff issued its First Set of Interrogatories and First Set of Requests for Production of Documents ("First Requests") to Defendants Trax, LLC and Trax International Corporation (collectively, "Defendants"). Defendants' responses to Plaintiff's First Requests were initially due by February 4, 2010. Defendants, however, requested multiple

extensions and Plaintiff granted these extensions as an accommodation to Defendants. Defendants ultimately responded to Plaintiff's First Requests on March 8, 2010.

3. In Defendants' responses to Plaintiff's First Requests, Defendants assert that they are not liable for acts of infringement prior to January 29, 2004, and produced an Asset Purchase Agreement which they claim supports this allegation. Prior to Defendants' response, Plaintiff was not aware of the Asset Purchase Agreement or of Defendants' allegedly limited exposure to liability. While they produced some documents during this period, Defendants also take the position, throughout their responses, that they are not required to provide documents predating January 29, 2004.

4. On the evening of March 31, 2010, Defendants produced a written summary provided by Dixon detailing his involvement and TRX's involvement in the development of PC-TRAX. Dixon is aware of this litigation and has been assisting Defendants in prosecuting their defense.

5. Recently conducted discovery supports the filing of this Motion for Leave to Amend to include Dixon and his corporation TRX (two additional parties who will be liable for copyright infringement prior to January 29, 2004, even if Defendants are successful in disavowing their liability for this time period). Their addition as defendants also will streamline discovery issues given Defendants objection to the production of documents predating January 29, 2004.

6. Plaintiff also takes this opportunity to focus its damage claim by removing its request for statutory damages and attorneys' fees from its copyright infringement claim, and to add claims that constitute a mere change or addition to the legal theory of recovery.

7.  Pursuant to Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may add defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." This rule is grounded in judicial economy, and "federal judicial policy encourages resolving in one action all claims arising out of a transaction or occurrence." *Bouchat v. Bon-Ton Dep't Stores, Inc.* 506 F.3d 315, 332 (4th Cir. 2007) (Niemeyer, J., concurring) (stating that Congress should consider mandating joinder of all copyright infringers in one action rather that allowing piecemeal suits against infringers), *cert. denied*, 128 S. Ct. 2054 (2008).

8.  As this Court is aware, leave to amend a complaint is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Medigen of Ky., Inc. v. Public Serv. Comm'n of W. Va.*, 985 F.2d 164, 167-68 (4th Cir. 1993). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002)(quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

9.  In practice, the Fourth Circuit has liberally applied Rule 15(a). *See, e.g., Medigen of Kentucky, Inc.*, 985 F.2d at 168 (affirming the district court's allowance of amendment days before commencement of trial to add § 1983 claim, even though plaintiff could have asserted claim in original complaint); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (reversing district court's denial of leave to amend to add additional count as abuse of discretion where there was no showing of purposeful dilatoriness or bad faith by plaintiffs, nor material prejudice to defendants); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.

1980) (reversing denial of leave to amend to allege capacity as ancillary administrator as abuse of discretion where allowing amendment would not have prejudiced defendants), *cert. dismissed*, 448 U.S. 911 (1980).

10. Moreover, the Fourth Circuit has ruled that "a change in the theory of recovery" is "not sufficient to justify denial of leave to amend." *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987), *aff'd in part and rev'd in part after remand,* 856 F.2d 188 (4th Cir. 1988) (internal citation omitted) (reversing the district court's denial of leave to amend the complaint and holding that a change in theory of recovery, even with one prior amendment, was insufficient grounds to justify denial); *see also* 6 Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1487 at 629-32 (2ed. 1990) ("courts have allowed amendments when it was established that doing so would not unduly increase discovery or delay the trial, and when the opponent could not claim surprise, but effectively should have recognized that the new matter included in the amendment would be at issue.").

11. Granting leave to add Dixon and TRX is consistent with the principles of judicial economy, the policy underlying Rule 20.

12. Moreover, none of the reasons supporting denial of amendment cited in *Franks, supra.,* apply here. Plaintiff has not acted in bad faith. In fact, Plaintiff and Defendants have voluntarily exchanged information since the filing of Plaintiff's Complaint to explore the potential for resolution of this matter.

13. As with *Ward Elecs. Serv., Inc.*, the amended claims constitute a mere change or addition of legal theories. Plaintiff focused its damage claim by removing its request for statutory damages and attorneys' fees from its copyright infringement claim. Plaintiff only seeks

to add a trade secrets misappropriation claim and a vicarious copyright infringement claim. These claims are grounded in the facts asserted in the original Complaint; namely, Dixon misappropriated trade secrets in B&W, Framatome and nHance's source code for the MMS Module Library for which the Defendants are liable. These allegations, disclosed in the Complaint, form the basis of Plaintiff's previously asserted and newly asserted legal claims.

14. Defendant will not be prejudiced if the Court grants leave to amend. To date, Defendants have only recently requested written discovery from Plaintiff (to which no response is yet due); no depositions have been taken; no experts have been disclosed; the newly asserted claims and new parties will not expand the scope of discovery beyond what is already at issue; and Plaintiff seeks merely to add additional legal theories that are supported by conduct asserted in and relevant to its original Complaint. Moreover, the new legal theories should come as no surprise to Defendants. *See* Pl.'s Compl. at ¶¶ 39, 40 (asserting a trade secret in the source code taken from Plaintiff); at Count 1 (asserting that Defendants are liable for the infringing acts of Dixon and Schaack). Indeed, Plaintiff, prior to filing this Motion for Leave, contacted Defendants to provide a courtesy copy of the proposed Amended Complaint, and Plaintiff expressed a willingness to grant Defendants ten (10) additional interrogatories to give them the opportunity to explore and respond to the trade secrets claim. At the time of this motion, Defendants have not advised Plaintiff as to whether or not they object to the filing of the Amendment Complaint. Leave should be freely given to Plaintiff to amend its Complaint.

WHEREFORE, for the foregoing reasons, nHance Technologies, Inc. requests that the Court GRANT its Motion for Leave to Amend Complaint, deem the Amended Complaint attached hereto as filed as of the date of this motion, and provide such other and further relief as the Court may deem just and proper.

Dated: April 6, 2010 

Respectfully submitted,

NHANCE TECHNOLOGIES, INC.

By: /s/ Joshua F. P. Long
      Of Counsel

William B. Poff (VSB No. 03477)
poff@woodsrogers.com
Francis H. Casola (VSB No. 29108)
casola@woodsrogers.com
Joshua F. P. Long (VSB No. 65684)
jlong@woodsrogers.com
Joshua R. Treece (VSB No. 79149)
jtreece@woodsrogers.com
WOODS ROGERS PLC
Wachovia Tower
10 S. Jefferson Street, Suite 1400
P. O. Box 14125
Roanoke, VA  24038-4125
540-983-7600; Fax 540-983-7711

*Counsel for Plaintiff nHance Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2010 a true and accurate copy of the foregoing was filed electronically with the Court pursuant to its CM/ECF system, which shall be sent by the CM/ECF System to the following participant:

David E. Finkelson (VSB #44059)
dfinkelson@mcguirewoods.com
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219-4030

*Counsel for Defendant*

and a true and accurate copy of which was sent via electronic mail (by agreement) to the following CM/ECF non-participant:

Arthur B. Berger
aberger@rqn.com
D. Zachary Wiseman
Ray Quinney & Nebeker, P.C.
36 South State Street, Suite 1400
Salt Lake City, UT  84111

*Counsel for Defendant*

/s/ Joshua F. P. Long

William B. Poff (VSB No. 03477)
poff@woodsrogers.com
Francis H. Casola (VSB No. 29108)
casola@woodsrogers.com
Joshua F. P. Long (VSB No. 65684)
jlong@woodsrogers.com
Joshua R. Treece (VSB No. 79149)
jtreece@woodsrogers.com
WOODS ROGERS PLC
Wachovia Tower
10 S. Jefferson Street, Suite 1400
P. O. Box 14125
Roanoke, VA  24038-4125
540-983-7600; Fax 540-983-7711

*Counsel for Plaintiff nHance Technologies, Inc.*